UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD R. EARL,<br><br>                Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br><br>                Defendant. | CASE NO. C11-5858BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE |

      This matter comes before the Court on Plaintiff Donald R. Earl's ("Earl") motion for summary judgment (Dkt. 11) and motion to strike Defendant Experian Information Solutions, Inc.'s ("Experian") evidentiary objections (Dkt. 16). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motions for the reasons stated herein.

      This case arises out of Earl's dispute with a credit report furnished by Experian, which characterizes loans held by Earl as revolving accounts rather than mortgages. *See*

ORDER - 1

*generally* Dkt. 1.  On October 18, 2011, Earl filed the complaint in this action against Experian.  Dkt. 1.  On November 23, 2011, Earl filed the instant motion for summary judgment.  Dkt. 10.  The Court concludes that, based on the timing of Earl's motion, the lack of discovery that has taken place in this case, and the declarations filed by Experian in support of its position that it "cannot present facts essential to justify its opposition" to the motion based on lack of discovery, Earl's motion is denied without prejudice to him renewing the motion once discovery has been conducted.  *See* Fed. R. Civ. P. 56(d); *see also Burlington Northern Santa Fe R.R. Co. v. Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (noting that the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery "where the non-moving party has not had the opportunity to discover information that is essential to its opposition" (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)) (internal citations and quotation marks omitted).

     Because the Court is denying Earl's motion for summary judgment for the reasons unrelated to the evidence objected to by Experian, his motion to strike Experian's evidentiary objections is denied as moot.  However, the Court notes that if Experian wishes to object to evidence contained or attached to a motion for summary judgment in the future, it must do so in compliance with Rule 7(g) of the Local Rules of the United States District Court for the Western District of Washington.

1       Therefore, it is hereby **ORDERED** that Earl's motion for summary judgment

2 (Dkt. 10) is **DENIED without prejudice** to renewing the motion as discussed herein and

3 the motion to strike (Dkt. 16) is **DENIED as moot**.

4       Dated this 19th day of February, 2012.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3